LittletoN, Judge,
delivered the opinion of the court:
The plaintiff filed in this court a document, apparently intended as a petition, entitled “Procurement Claims Forms (For claims for value of Property .furnished to Units of the Armed Forces of the U. S.).” In this document plaintiff asserts that there is due him FI,500 for 75 sacks of palay (rice). Plaintiff alleges that this property was owned by him and was sold and delivered, on a date “not remembered,” to procurement officials of the armed forces, for use of Escu-dero Guerrilla Unit at Bando Pongco, Bacon, Sorsogon, P. I. Plaintiff further alleges that the 75 sacks of palay were taken by the procurement officials of the defendant for the use of said guerrilla forces in the field and that the value of FI,500 for the property was agreed to. Plaintiff further states that he has filed no claim “for the property taken” with any agency or officials of the Government. Plaintiff attaches to the document filed herein, a paper entitled “Certificate of Guerrilla Aid,” signed by one Eamon Fajardo, who designates himself as “Captain, IGS, PC. (Adjutant General, Escudero Guerrilla Unit),” which reads as follows:
This is to certify that Teopisto Dino of Barrio Pongco, Bacon, Sorsogon, Philippines, has given aid to Guerrilla Forces of the Escudero Unit operating in this Province during the Japanese Occupation in the form of articles of food, as follows:
75 Sacks of Palay @ F20.00 per sack — FI,500.00
*309 This is to certify further that official receipts were issued by duly authorized procurement officials at the time of delivery of the above articles but fear of discovery and reprisals by Japanese troops patrolling the vicinity at all times, these receipts were hidden in an unsecure place and subsequently lost.
The defendant moves to dismiss the petition on the ground that the document filed is not a petition under rules 10, 11 and 12, of the rules of this court, and does not state facts sufficient to constitute a cause of action against the United States within the jurisdiction of this court.
In our opinion the motion to dismiss must be sustained.; The document which plaintiff has filed in this court appears on its face to be a claim for payment for supplies furnished to the armed forces, pursuant to a request of procurement officials of the armed forces of the United States. It seems obvious that this document should have been filed with the proper officials of the War Department. Plaintiff expressly states that no claim for such supplies has been presented by him to any agency of the Government. He does not state the name of the procurement official who requested him to deliver the supplies to the Guerrilla Unit, and states no facts to show the position held by such official or his authority to purchase or to take such property. In these circumstances the court cannot hold on the basis of the document filed, that the facts alleged establish a contract either express or implied, or a taking of his property by an authorized official of the United States which would entitle him to judgment in this court for the amount claimed. The facts set forth by plaintiff fail to show that there has been a refusal by the authorized officials of the United States to pay him for the property which he claims to have furnished, and even if there aróse from the transaction a contract express or implied, the facts alleged show no more than that plaintiff has not yet been paid for such property and such facts do not show a breach of contract.
In these circumstances the defendant’s motion to dismiss is sustained, and the petition is dismissed. It is so ordered.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.